UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE J. HITCHCOCK,<br><br>              Plaintiff,<br><br>v.<br><br>STAN STANLEY; RICHARD BURTZ; PATHFINDERS OF SAN DIEGO, Inc.,<br><br>              Defendants. | Civil No. 07cv2211-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING THE ACTION** |

Plaintiff Lyle J. Hitchcock ("Plaintiff") filed the present action against Stan Stanley, Richard Burtz, and Pathfinders of San Diego ("Defendants") on November 20, 2007. Plaintiff is a long-term resident of Pathfinders of San Diego, Inc. – a non-profit organization providing alcohol recovery services and shelter for men. Plaintiff apparently alleges that Defendants violated his rights under section 1983 of the Civil Rights Act by neglecting to protect him from theft and damage to his property, by failing to address his complaints about his roommate, and by attempting to evict him from the premises. Plaintiff requests appointment of counsel and permission to proceed *in forma pauperis*. For the reasons below, the Court denies all of Plaintiff's requests and dismisses the action without prejudice.

**I.      Motion to Proceed *In Forma Pauperis***

Plaintiff is not entitled to proceed the *in forma pauperis*. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for writ of habeas

corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under §1915(a), the court may authorize the commencement of an action without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing that he is unable to pay the filing fee.

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

In the declaration submitted in support of his Motion to Proceed *in Forma Pauperis*, Plaintiff stated that he is unemployed and has been receiving monthly SSI funds in the amount of $867.00. (Plaintiff's Declaration in Support of Motion to Proceed *In Forma Pauperis* ("Decl."), at 5). Plaintiff also owns a car and a motorcycle, which he estimates to be $1,750 in value. (Decl., at 6). Because Plaintiff has a steady monthly income and does not appear to be burdened with debt, he has not established her entitlement to the *in forma pauperis* status. *Temple*, 586 F. Supp. at 850. Therefore Plaintiff's motion to proceed *in forma pauperis* is denied.

**II.    Request for Appointment of Counsel**

Even if his motion to proceed *in forma pauperis* were to be granted, Plaintiff's motion for appointment of counsel would still be denied. "There is normally . . . no constitutional right to counsel in a civil case." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). However, "[t]he district court has discretion to appoint counsel for indigents when it determines that the interests of justice so require." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Such an appointment, however, is limited to those civil cases involving "exceptional circumstances." *Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the

legal issues involved." *Id.*; *see also Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (The Court "should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors."). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Judging from Plaintiff's pleadings, he seems perfectly capable to mount a defense and articulate arguments and has a good grasp of his case and the legal issues involved. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) ("[Plaintiff's] district court pleadings illustrate to us that he has a good understanding of the issues and the ability to present forcefully and coherently his contentions."). That is, Plaintiff has "demonstrated sufficient writing ability and legal knowledge to articulate his claim." *Terrel*, 935 F.2d at 1017. Appointment of counsel is not warranted under such circumstances.

### III.  Dismissal of the Complaint

Even if the Court were to grant Plaintiff's motion to proceed *in forma pauperis*, the Court would dismiss Plaintiff's Complaint because it is legally insufficient and is not supported by federal jurisdiction. A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130-31 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Under the Federal Rule of Civil Procedure 8(a), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must "set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Having reviewed Plaintiff's Complaint, this Court finds that Plaintiff has failed to state cognizable claims for relief. *Id*.

The legal sufficiency of a complaint is tested under the Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nevertheless, *pro se* litigants are not "excused from knowing the most basic pleading requirements." *American Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001). Furthermore, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

After carefully reviewing Plaintiff's complaint, the Court concludes that Plaintiff has made no allegations, which would support a finding of subject matter jurisdiction in this case. Federal courts have limited jurisdictional power, and, therefore, are under a continuing duty to confirm their subject matter jurisdiction over a particular case before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Because Plaintiff failed to state a cognizable claim upon which relief can be granted, the Court would dismiss this action.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, the Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: December 17, 2007

Hon. Roger T. Benitez
United States District Judge